JUDGE HELLERSTEIN

**13 CIV 2235**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO SANTIAGO, on behalf of himself and others similarly situated,<br><br>                      Plaintiffs,<br><br>– against –<br><br>RENOVO SERVICES, LLC,<br><br>                      Defendant. | ECF Case<br><br>Jury Trial Demanded<br><br>**CLASS ACTION COMPLAINT**<br><br>Case #:<br><br>RECEIVED APR 04 2013 U.S.D.C. S.D.N.Y. CASHIERS |

The Plaintiff, Roberto Santiago, on behalf of himself and all others similarly situated (the "Class"), by his undersigned attorneys, as and for his Class Action Complaint against the Defendant, respectfully sets forth and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a class action brought on behalf of New York consumers whose motor vehicles were repossessed by the Defendant, Renovo Services, LLC ("Renovo"), one of the largest repossession management companies in the United States.

2. Pursuant to New York law, Renovo is required to do the following within 24 hours after repossession of a motor vehicle: (1) give notice of the vehicle's repossession to the owner either personally or by registered mail; (2) notify the law enforcement agency in the locality where the repossession occurs; (3) deliver Form MV-327 and the New York license plates (if affixed to the vehicle at the time of repossession) to the nearest district office of the New York Department of Motor Vehicles ("DMV"); and (4) send a copy of Form MV-327 that evidences that it was filed with the DMV to the owner.

1

3. Based upon information and belief, in order to reduce costs and increase profits, the Defendant willfully and intentionally ignores its obligations under New York law to the detriment of New York consumers.

## PARTIES

4. The Plaintiff, Roberto Santiago (the "Plaintiff") is a resident of Bronx County, New York.

5. The Defendant, Renovo Services, LLC ("Renovo") is a Delaware corporation registered to do business in the State of New York with a principal place of business located in Grand Rapids, Michigan.

6. Based upon information and belief, Renovo is one of the largest repossession management companies in the United States and provides centralized repossession services to auto finance companies.

## JURISDICTION AND VENUE

7. Diversity subject matter jurisdiction exists over this class-action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2,119 Stat. 4 ("CAFA"), amending 28 USC §1332, at new subsection (d), conferring federal jurisdiction over class actions involving (a) 100 or more members in the proposed Class; (b) at least some members of the proposed class have different citizenship from some Defendants and (c) the claims of the proposed class members exceed the sum or value five million dollars ($5,000,000) in the aggregate. 28 U.S.C. §1332(d)(2) and (6).

8. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

2

## FACTUAL ALLEGATIONS COMMON TO ALL CLASS MEMBERS

9. New York Vehicle and Traffic Law ("Vehicle Law") § 318.1 requires all owners of motor vehicles with New York license plates to maintain liability insurance coverage on those vehicles at all times, even if not driven, unless the owner surrenders the license plates.

10. In the event that there is a lapse of insurance coverage for 90 days or less, a vehicle owner has a choice of paying a civil penalty or turning the license plates in to the DMV for a suspension period.

11. The civil penalty option is not available if the insurance lapse was for more than 90 days or if the owner used the civil penalty option for a registration suspension within the previous 36 months.

12. The civil penalty is calculated as follows:

| Insurance Lapse In Days | Civil Penalty |
|---|---|
| 1-30 days | $8 per day |
| 30-60 days | $10 per day |
| 61-90 days | $12 per day |

13. Therefore, for example, if there is an insurance lapse of 25 days, an owner can pay a civil penalty of $200 ($8 per day for 25 days) and keep his license plates or the owner must surrender the license plates and serve a registration suspension of 25 days.

14. In the event that a registration suspension period exceeds 90 days, the DMV will also suspend the registrant's driver's license.

15. Vehicle Law § 425 provides in relevant part that:

Any person, firm or corporation, or agent, employee or representative thereof, repossessing or retaking a motor vehicle or motorcycle pursuant to the provisions of article nine of the uniform commercial code, or other authority of law, or any contract or agreement, shall, immediately following such repossession or retaking, personally appear at a station house or other office of

the police department, or agency or officer performing like functions, in the locality wherein such repossession or retaking occurred, give notice to such department, agency or officer of such repossession or retaking and thereafter and within twenty-four hours personally deliver or mail by special delivery first class mail to the nearest motor vehicle district office, (a) notice of such repossession or retaking in such form as the commissioner may require and (b) the number plates of such motor vehicle or motorcycle. Notice of such repossession or retaking, including the name and address of the person, firm or corporation repossessing or retaking the same, shall also be given within twenty-four hours thereof to the owner of such motor vehicle or motorcycle, either personally or by registered or certified mail directed to such owner at his last-known address.

16. 15 NYCRR § 78.22 requires a repossessor to do the following within 24 hours after a repossession:

   a. give notice either personally or by registered mail to the owner of the vehicle;

   b. notify the law enforcement agency in the locality where the repossession occurs; and

   c. deliver the number plates of vehicle to the nearest district office of the [DMV].

17. Pursuant to its authority under Vehicle Law § 425 and 15 NYCRR § 78.22, the DMV requires a repossessor to complete and file Form MV-327 with the DMV within 24 hours after a repossession.

18. Form MV-327 requires a repossessor to do the following after repossessing a vehicle:

   a. Immediately following the repossession, personally appear at the police agency in the locality where the repossession occurred, and notify the police of the repossession;

   b. Within 24 hours, deliver either personally or by special deliver first class mail to the DMV, three (3) copies of a completed Form MV-327 (DMV copy, owner copy, repossessor copy) AND the license plates from the vehicle being reposed (unless removed by registrant before the repossession);

4

      c.      Within 24 hours, notify the vehicle owner of the repossession (either personally, or by registered or certified mail sent to the owner at the owner's last-known address; and

19.      Form MV-327 requires that the repossessor either return the New York license plates to the DMV or notify the DMV that the owner removed the New York license plates from the vehicle before the vehicle was repossessed.

20.      Failure to file Form MV-327 and/or deliver New York license plates to the DMV within 24 hours is a violation of Vehicle Law § 425 and 15 NYCRR § 78.22 and is punishable by a fine of up to $150.

21.      Filing Form MV-327 with the DMV has the same effect as if the registrant surrendered the license plates, thereby relieving the registrant from any obligation to maintain liability insurance on the vehicle.

22.      Based upon information and belief, the Defendant has repossessed more than 10,000 vehicles in New York between April 3, 2010 and the present.

23.      Based upon information and belief, in order to avoid the expense and inconvenience of complying with Vehicle Law § 425 and 15 NYCRR § 78.22, the Defendant's adopted business practice is to ignore its obligations under Vehicle Law § 425 and 15 NYCRR § 78.22.

24.      As a result of the Defendant's unlawful business practices, the Defendant has effectively shifted the expense and inconvenience of complying with New York law to the Plaintiff and members of the Class.

### FACTS AS TO ROBERTO SANTIAGO

25.      Based upon information and belief, on or about February 17, 2012, the Defendant repossessed the Plaintiff's vehicle and the Plaintiff's New York licenses plates.

26. Based upon information and belief, the Defendant did not give notice either personally or by registered mail to the Plaintiff within 24 hours of the vehicle's repossession.

27. Based upon information and belief, the Defendant did not notify the law enforcement agency in the Plaintiff's locality within 24 hours of the vehicle's repossession.

28. Based upon information and belief, the Defendant did not file Form MV-327 within 24 hours of the vehicle's repossession.

29. Based upon information and belief, the Defendant did not return the Plaintiff's New York license plates to the DMV within 24 hours of the vehicle's repossession.

30. Based upon information and belief, the Defendant did not send the Plaintiff the owner's copy of Form MV-327.

31. The Plaintiff continued to maintain liability insurance on his repossessed vehicle until March 21, 2012.

32. The Defendant did not return the Plaintiff's New York license plates to the DMV until April 11, 2012.

33. As a result of the Defendant's unlawful business practices, the Plaintiff's registration was suspended for 21 days because of the 21 days lapse in the Plaintiff's liability insurance.

34. The Defendant's failure to give notice either personally or by registered mail to the Plaintiff within 24 hours of the vehicle's repossession is a violation of Vehicle Law § 425 and 15 NYCRR § 78.22.

35. The Defendant's failure to notify the law enforcement agency in the Plaintiff's locality within 24 hours of the vehicle's repossession is a violation of Vehicle Law § 425 and 15 NYCRR § 78.22.

36. The Defendant's failure to file Form MV-327 within 24 hours of the vehicle's repossession is a violation of Vehicle Law § 425 and 15 NYCRR § 78.22.

37. The Defendant's failure to return the Plaintiff's New York license plates to the DMV within 24 hours of the vehicle's repossession is a violation of Vehicle Law § 425 and 15 NYCRR § 78.22.

38. The Defendant's failure to send the Plaintiff the owner's copy of Form MV-327 is a violation of Vehicle Law § 425 and 15 NYCRR § 78.22.

39. As a result of the Defendant's unlawful business practices, the Plaintiff suffered actual monetary damages as the Plaintiff was forced to maintain liability insurance on the vehicle even after it was repossessed by the Defendant.

40. As a result of the Defendant's unlawful business practices, the Plaintiff's registration was suspended for 21 days.

## CLASS ALLEGATIONS

41. The Plaintiff brings this action as a class action on behalf of himself and all others similarly situated for the purpose of asserting the claims alleged in this Complaint on a common basis. The Plaintiff's proposed class (hereinafter the "Class") is defined under Federal Rules of Civil Procedure 23(b)(2) and (3), and he proposes to act as a representative of the following class comprised of:

42. The Class is defined as follows:

**All persons (excluding the Defendant and its employees), whose vehicle(s) were repossessed by the Defendant and whose vehicle(s) were registered in the State of New York from 3 years prior to the filing of this Complaint through such time in the future when the Defendant's unlawful acts and practices alleged herein have ceased.**

43. The Plaintiff does not know the exact size or identities of members of the proposed Class, since such information is in the exclusive control of the Defendant. Based upon information and belief the Class encompasses more than 10,000 members whose identities can be readily ascertained from Defendant's books and records. Thus, the proposed Class is so numerous that joinder of all members is impracticable.

44. The claims of each Class member are based on the same violations of Vehicle Law § 425, 15 NYCRR § 78.22 and New York General Business Law ("GBL") § 349.

45. There are questions of law and fact that are common to the Class and predominate over any questions affecting only individual members of the Class. These questions include, but are not limited to, the following:

    a. Whether the Defendant is required to give notice either personally or by registered mail to the owner of a repossessed vehicle within 24 hours of the vehicle's repossession pursuant to Vehicle Law § 425 and 15 NYCRR § 78.22;

    b. Whether the Defendant is required to provide notice of the repossession to the law enforcement agency in the locality where the repossession occurs within 24 hours of the vehicle's repossession pursuant to Vehicle Law § 425 and 15 NYCRR § 78.22;

    c. Whether the Defendant is required to deliver New York license plates affixed to repossessed vehicles to the DMV within 24 hours of the vehicle's repossession pursuant to Vehicle Law § 425 and 15 NYCRR § 78.22;

    d. Whether the Defendant is required to send the owner of a repossessed vehicle a copy of Form MV-327 that evidences that it was filed with the DMV;

    e. Whether the Defendant's conduct described herein constitutes an unlawful act in violation of Vehicle Law § 425, 15 NYCRR § 78.22 and/or GBL § 349;

    f. Whether the Plaintiff and the other members of the Class have been damaged by the Defendant's unlawful acts alleged herein and, if so, what measure of damages is proper;

  g. Whether the Defendant's non-compliance with Vehicle Law § 425 and 15 NYCRR § 78.22 was knowing and/or intentional;

  h. Whether permanent injunctive relief should be issued as a result of the Defendant's unlawful business practices;

  i. Whether, and in what amount, the Plaintiff and the other members of the Class are entitled to recover treble damages, court costs and attorneys' fees;

46. The claim of the individual named Plaintiff is typical of the claim of the Class and does not conflict with the interests of any other members of the Class in that both the Plaintiff and the other members of the Class were subjected to the same conduct.

47. The Class, as defined above, is so numerous that joinder of all members of the Class, whether otherwise required or permitted, is impracticable.

48. Based upon information and belief, the Defendant repossessed more than 10,000 motor vehicles that were registered in the State of New York during the period covered by this action.

49. Because the Plaintiff and each class member are entitled to three (3) times their actual damages (up to $1,000) pursuant to GBL § 349(h), there is a reasonable probability that the aggregate claims of the Class is well in excess of $5 million not considering the Defendant's cost to comply with any injunctive relief that may be ordered by the Court.

50. The Plaintiff is committed to the vigorous prosecution of this action and has retained competent legal counsel experienced in class action matters for that purpose.

51. The Plaintiff is an adequate representative of the Class and, together with his attorneys, is able to, and will fairly and adequately protect the interests of the Class and its members.

52. In addition, a class action is superior to other available methods for the fair, just, and efficient adjudication of the claims asserted herein. Joinder of all members of the Class is impracticable and, for financial and other reasons, it would be impractical for individual members of the Class to pursue separate claims. Moreover, the prosecution of separate actions by individual members of the Class would create the risk of varying and inconsistent adjudications, and would unduly burden the courts.

53. The Plaintiff anticipates no difficulty in the management of this litigation as a class action and management of this litigation as a class action will present few problems for this Court.

## *CAUSE OF ACTION*
## *VIOLATION OF GBL § 349*

54. The Plaintiff restates and reiterates herein all previous paragraphs.

55. GBL § 349 prohibits unlawful acts or practices in the conduct of any business trade or commerce or in the furnishing of any service in New York State.

56. The purpose of GBL § 349 is to give the Court the authority to cope with the numerous, ever-changing types of unlawful business practices that plague consumers in the State of New York.

57. The Defendant's failure to comply with Vehicle Law § 425 and 15 NYCRR § 78.22 is a *per se* violation of GBL § 349 because said conduct is unlawful.

58. As a result of the Defendant's unlawful acts and practices, the Plaintiff and the Class members have suffered monetary as well as non-monetary damages.

59. Pursuant to GBL § 349(h), the Plaintiff and other Class members are entitled to three (3) times their actual damages because the Defendant willfully and/or knowingly failed to comply with Vehicle Law § 425 and 15 NYCRR § 78.22.

60. In addition, the Plaintiff and the other members of the Class are entitled to recover their reasonable attorneys' fees (including costs and disbursements) herein from the Defendant.

**WHEREFORE**, the Plaintiff, on behalf of himself and the other members of the Class, respectfully request Judgment against the Defendant as follows:

a. Awarding the Plaintiff and the other members of the Class their actual damages against the Defendant, in an amount to be determined at trial, together with interest;

b. Awarding the Plaintiff and other members of the Class three (3) times their actual damages (up to $1,000) because the Defendant willfully and/or knowingly failed to comply with Vehicle Law § 425 and 15 NYCRR § 78.22;

c. Awarding the Plaintiff and the other members of the Class a permanent injunction requiring the Defendant to comply with Vehicle Law § 425 and 15 NYCRR § 78.22;

d. Awarding the Plaintiff and the other members of the Class reasonable attorneys' fees, costs and expenses against the Defendant; and

e. Awarding the Plaintiff and the other members of the Class such other and further relief, including the costs and disbursements of this action, as this Court finds just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: New York, New York
      April 4, 2013

Respectfully submitted,

RANDALL S. NEWMAN, P.C.

By: _____
Randall S. Newman, Esq. (RN7862)
37 Wall Street, Penthouse D
New York, NY 10005
Tel: (212) 797-3737
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Roberto Santiago*